**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-CV-20580-JEM**

RAFAEL MERAN, and all others similarly
situated under 29 U.S.C. 216(b),

        Plaintiff,

v.

RANK TRADE SERVICES, INC. and
RAFAEL AZNIELLES,

        Defendants.

_____/

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

Defendants, RANK TRADE SERVICES, INC. ("Rank Trade") and RAFAEL AZNIELLES ("Aznielles") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff, RAFAEL MERAN ("Plaintiff"), and state as follows**:**

1. In response to Paragraph No. 1 of the Complaint, Defendants acknowledge that Plaintiff asserts a claim under the FLSA but deny, insofar as Paragraph No. 1 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

2. In response to Paragraph No. 2 of the Complaint, Defendants are without knowledge as to where Plaintiff resides.

3. In response to Paragraph No. 3 of the Complaint, Defendant Rank Trade admits it is a Florida corporation which engages in business in Miami-Dade County, Florida. The

remaining allegations are denied.

4.      In response to Paragraph No. 4 of the Complaint, Defendants admit that Defendant Aznielles is currently a corporate officer of Defendant Rank Trade. The remaining allegations contained in this Paragraph are denied.

5.      In response to Paragraph No. 5 of the Complaint, Defendants lack sufficient information and knowledge to admit the allegation because Plaintiff has not defined what "acts or omissions" he is discussing. Defendants deny the allegations to the extent the allegations suggest or imply that Defendants violated any law, acted in any improper manner toward Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

## COUNT I

6.      In response to Paragraph No. 6 of the Complaint, Defendants acknowledge that Plaintiff asserts a claim under the FLSA but deny, insofar as Paragraph No. 6 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or any other person or that Plaintiff (and any others) is entitled to any amount of damages from Defendants.

7.      Defendants admit this Court has jurisdiction but deny, insofar as Paragraph No. 7 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or any other person or that Plaintiff (and any others) is entitled to any amount of damages from Defendants.

8.      Paragraph No. 8 of the Complaint does not contain any allegation of fact, and is merely a partial restatement of law to which no response is required.

9.      Defendants deny the allegations in Paragraph No. 9 of the Complaint.

10.     Defendants deny the allegations in Paragraph No. 10 of the Complaint.

11.     Defendants deny the allegations in Paragraph No. 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph No. 12 of the Complaint insofar as the allegations cover periods of time not relevant to this proceeding and which fall outside the limitations period. Defendants do not deny that for certain period of time during Plaintiff's employment, Rank Trade had gross sales in in excess of $500,000.

13.     Defendants deny the allegations in Paragraph No. 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph No. 14 of the Complaint, and further deny the request for relief in the Wherefore Clause immediately following Paragraph No. 14. Defendants deny that there is any issue of fact to be tried.

15.     Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's FLSA claim is barred under a good faith extension of the *Farragher/Ellerth* defense and/or the FLSA's safe harbor provision in that Defendants acted in good faith and had a policy requiring Plaintiff to report any unpaid wages or overtime; Plaintiff unreasonably failed to take advantage of this policy and failed to notify Defendants that he felt he was owed unpaid overtime.

### Second Affirmative Defense

Plaintiff is barred from the relief Plaintiff seeks by virtue of the following:

A.     The doctrine of estoppel.

B.     The doctrine of waiver.

C.     The improper actions of Plaintiff in failing to comply with Defendants' policies and the directives of his superiors.

In more detail, if the facts reveal that Plaintiff engaged in efforts to alter his time records or the time records of others, intentionally furnished false data to Defendants regarding his work activities or time worked, intentionally understated his time worked, failed to report time worked during his employment, or in any other way violated the established policies of Defendants with regard to employment or timekeeping practices (especially given Plaintiff's role while working for the Defendants and his agreement to accurately report his time and timely report any errors), Plaintiff should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for liquidated damages.

For the same reason, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff has a duty to mitigate alleged losses, (assuming any entitlement to recovery) and, on information and belief, Plaintiff has not satisfied that mitigation duty.

### Fourth Affirmative Defense

Defendants are relieved of any liability to Plaintiff due to Defendants' good faith conformance and reliance on a written order, ruling, approval or interpretation by the Administrator of the Wage/Hour Division, Department of Labor.

### Fifth Affirmative Defense

Plaintiff is not entitled to recover liquidated damages, costs, or attorney's fees because Defendants acted in good faith and at no time during his employment or thereafter until the filing of this lawsuit did Plaintiff ever allege or bring to Defendants' attention the fact that Plaintiff felt he was owed any overtime pay.

### Sixth Affirmative Defense

Any recovery by Plaintiff and/or Plaintiff's damages, if any, must be offset by (1) any amounts Defendants paid Plaintiff for hours which were not actually worked by Plaintiff; (2) any other overpayments made by Defendants to Plaintiff; and (3) any amounts or benefits paid to Plaintiff for lost wages, compensatory damages or fees from any other source.

### Seventh Affirmative Defense

To the extent Plaintiff was entitled to overtime and was not paid, such overtime worked by Plaintiff beyond his compensated workweek was *de minimis*.

### Eighth Affirmative Defense

Plaintiff's claims are barred and/or limited as Plaintiff was exempt from the overtime provisions of the FLSA. Assuming *arguendo* Plaintiff was not exempt, Plaintiff is only entitled to overtime at the half-pay rate, as Plaintiff was paid for all hours worked.

### Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, based on the doctrines of release, waiver, estoppel and payment on the grounds that Plaintiff signed an enforceable release in favor of Defendants for some or all of the claims set forth in his Complaint, and Defendants timely made payment to Plaintiff for all sums possibly due and owing. Plaintiff is estopped from seeking a double recovery, from re-asserting released claims, and from asserting claims in this lawsuit which run contrary to the claims Plaintiff made to the DOL.

### Tenth Affirmative Defense

Plaintiff's claims are, in whole or in part, time-barred and/or barred by the applicable statute(s) of limitations, and Plaintiff's claim for liquidated damages is barred because Defendants acted in good faith.

Defendants reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, Defendants respectfully requests that this Court: (i) Enter judgment in its favor and against Plaintiff; (ii) Award Defendants the cost of suit herein; (iii) Award Defendants reasonable attorney's fees as may be determined by the Court; and (iv) Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Pedro P. Forment
Pedro P. Forment, Esq.
Florida Bar No. 61026
Email: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No.: 68999
E-mail: halbersm@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile:  (305) 373-4466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ Pedro P. Forment
Pedro P. Forment, Esq.

CASE NO.: 16-CV-20580-JEM

## SERVICE LIST

**United States District Court for the Southern District of Florida**
***Rafael Meran v. Rank Trade Services, Inc. et al.***

**Case No. 16-CV-20580-JEM**

J.H. Zidell, Esq.
Florida Bar No.0010121
E-mail: zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167

*Attorneys for Plaintiff*

Pedro P. Forment, Esq.
Florida Bar No. 61026
E-mail: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile:  305-373-4466

*Attorneys for Defendants*

4829-1201-2593, v. 1